UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LYN SCOTT,

    Plaintiff,

vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.),

    Defendant.
_____/

CASE NO.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, LYN SCOTT ("Plaintiff"), files this lawsuit against Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) ("Defendant"), and alleges the following.

1. This is an action for damages arising from the Defendant's violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq*.

## PARTIES

2. Plaintiff is an individual residing in Fulton County, Georgia. Plaintiff is the "called party."

3. The Defendant is a California entity with its principal office located in Sioux Falls, South Dakota.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to the TCPA claims.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTUAL ALLEGATIONS

6. In early 2014, the Defendant began calling the Plaintiff's cellular phone.

7. The Plaintiff's cellular telephone number is 404-822-8878.

8. The calls from the Defendant were made frequently and often multiple times a day.

9. The calls from the Defendant were made from phone numbers with the first six digits of 800-944.

10. Many calls originated from 800-944-4601, a phone number belonging to Defendant.

11. When 800-944-4601 is called, it is answered by an automatic answering service operated by Wells Fargo.

12. The Plaintiff became very familiar with the Defendant's telephone numbers, and typically would not answer the phone.

13. The Plaintiff does not recall providing express permission to the Defendant to call her cellular telephone.

14. Further, in May 2014, the Plaintiff verbally requested that the Defendant stop calling her cellular telephone. Although the Plaintiff does not recall the exact date of that conversation, her telephone bills reflect a three minute call on May 10, 2014.

15. Accordingly, any prior consent provided to the Defendant was revoked by the Plaintiff.

16. Since then, the Plaintiff made other requests to Defendant to stop calling her cellular phone, but the Defendant advised that it would continue calling and has done so.

17. The Defendant used an automatic telephone dialing system to call the Plaintiff on her cellular phone after the Plaintiff demanded that the Defendant stop calling her.

18. When the Plaintiff answered calls from the Defendant, there was a period of silence while the call was connected, indicating the use of an automatic telephone dialing system.

19. The frequency of the calls, which often occurred 4-6 times per day, indicates that the calls were made automatically.

20. The Plaintiff was also connected to different individuals on different calls, indicating that the calls were assigned to representatives by the automatic telephone dialing system.

21. The number of calls made by Defendant to Plaintiff's cellular phone will be established after a thorough review of the Defendant's records, but Plaintiff believes more than 100 calls were made to her cell phone by the Defendant without Plaintiff's express consent.

## COUNT I
## VIOLATIONS OF THE TCPA, U.S.C. § 227 *et seq.*

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

23. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

24. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls, or whether such permission had been revoked. In fact, the Defendant did not have prior express consent to call Plaintiff's cellular

telephone number.  As such, the Defendant's calls were willful or knowing.  *See* 47 U.S.C. § 312(f)(1).

26. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

27. Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive the autodialed calls to her cellular telephone – and /or willfully used an automatic telephone dialing system to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**HERMAN & WELLS**

/s/ Jason A. Herman
Jason A. Herman, Esq.
Georgia Bar Number 140942
jason@hermanwells.com
111 Second Ave., N.E., Suite 354
St. Petersburg, FL 33701
(727) 821-3195 (phone)
(877) 395-1574 (fax)
Attorney for Plaintiff